# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ELIZABETH BORDER**, on behalf of herself and others similarly situated, | ) ) ) CASE NO. |
| Plaintiff, | ) ) JUDGE |
| v. | ) ) **CLASS AND COLLECTIVE ACTION** |
| **ALTERNATE SOLUTIONS HEALTH NETWORK, LLC** | ) **COMPLAINT** ) ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) ) |

Plaintiff Elizabeth Border, for her Class and Collective Action Complaint against Defendant Alternate Solutions Health Network, LLC ("Defendant"), alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA").

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated. Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under the OMFWSA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's Ohio law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district and division.

## PARTIES

7. Plaintiff is an adult individual residing in Franklin County, Ohio.

8. At all relevant times, Plaintiff and those similarly situated were employees within the meaning of the FLSA and the OMFWSA.

9. At all relevant times, Defendant conducted business in Franklin County and throughout the State of Ohio.

10. Defendant is a for-profit Ohio Domestic Limited Liability Company. Upon information and belief, Defendant's principal place of business is located in Kettering, Ohio. Defendant can be served through its Ohio Statutory Agent, Sam Warwar, 33 West First Street, Suite 600, Dayton, Ohio 45402.

11. At all relevant times, Defendant was an employer within the meaning of the FLSA and the OMFWSA

12. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as Exhibit A.

## FACTUAL ALLEGATIONS

15. Plaintiff and other similarly-situated employees were employed by Defendant within the three years preceding the date of filing of this Complaint to the present as Occupational Therapy Assistants or Physical Therapy Assistants (the "Class Members").

16. Class Members performed therapeutic treatment services for Defendant's customers in the customers' homes, under the direction and supervision of a licensed physical therapist or occupational therapist, and pursuant to a treatment plan established by that therapist.

17. Defendant compensated Class Members on a "pay per visit" basis, by which Class Members were compensated for each in-home treatment they performed.

18. Defendant required Class Members to complete documentation of each visit at some point after leaving the customer's home. However, Defendant did not compensate Class Members for the time that they spent completing documentation.

19. Class Members regularly worked more than 40 hours in a workweek in the three years preceding the filing of this Action, including time spent completing documentation.

20. Class Members were not exempt from the overtime provisions of the FLSA and OMFWSA, and should have been compensated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

21. Defendant did not compensate Class Members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

22. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

23. Upon information and belief, Defendant failed to make, keep, and preserve records of the unpaid work performed by Class Members.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf other similarly-situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

25. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All of Defendant's current and former Occupational Therapy Assistants and Physical Therapy Assistants who were paid on a Per Visit Basis but were not compensated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek within the three years preceding the date of filing of this Complaint through the conclusion of this matter (the "FLSA Class").**

26. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

27. The similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

28. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of current or former employees employed by Defendant at its Ohio facilities within the last two years, defined as:

> **All of Defendant's current and former Occupational Therapy Assistants and Physical Therapy Assistants who were paid on a Per Visit Basis but were not compensated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek within the two years preceding the date of filing of this Complaint through the conclusion of this matter (the "Ohio Class").**

29. The Ohio class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief, avers that it consists of at least 100 employees.

30. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to compensate Ohio Class members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek

31. Plaintiff will adequately protect the interests of the Ohio Class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the members of the Ohio Class. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

32. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class are common to the class as a whole, and predominate over any questions affecting only individual class members.

33. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime Violations – FLSA Class)

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates of pay.

36. Members of the FLSA Class are not exempt from the overtime provisions of the FLSA, and should have been compensated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

37. Defendant's practice and policy of not paying the FLSA Class for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA.

38. Defendant's failure to keep accurate records of all hours worked for each workday and the total hours worked each workweek by the FLSA Class violated the FLSA.

39. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

40. As a result of Defendant's practices and policies, Plaintiff and the FLSA Timekeeping Class members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Overtime Violations – Ohio Class)

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. The OMFWSA requires employers to pay "an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]." O.R.C. 4111.03(A).

43. Members of the Ohio Class are not exempt from the overtime provisions of the OMFWSA, and should have been compensated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

44. Defendant's practice and policy of not paying the Ohio Class for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the OMFWSA.

45. As a result of Defendant's practices and policies, Plaintiff and the Ohio Class members have been damaged in that they have not received wages due to them pursuant to the OMFWSA; and because wages remain unpaid, damages continue.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the two FLSA Classes (Timekeeping and Meal Break) and direct that Court-approved notice be issued to similarly-situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Classes;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
614 W. Superior Ave., Suite 1148
Cleveland, OH 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
        sdraher@ohlaborlaw.com

Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Fax:       (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*


## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle

*Counsel for Plaintiff*

9