## JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Southern District of Ohio (the "Court") in the civil action entitled *Elizabeth Borders v. Alternate Solutions Health Network, LLC,* Case No. 2:20-cv-1273(the "Action" or "Litigation"), this Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") is entered into by and between Plaintiff Elizabeth Borders, on behalf of herself and the Class Members, as defined herein, and Defendant Alternate Solutions Health Network, LLC.

### DEFINITIONS

1.  "Plaintiff" shall mean Elizabeth Borders.

2.  "Defendant" shall mean Alternate Solutions Health Network, LLC.

3.  "Class Members" shall mean the 415 current and former Certified Occupational Therapy Assistants and Physical Therapy Assistants employed by Defendant at any time between January 1, 2017 and December 31, 2019 for whom Defendant Provided Plaintiff's Counsel wage and hour information in advance of mediation on June 18, 2020, including Plaintiff.

4.  Plaintiff, the Class Members, and Defendant are collectively referred to as "the Parties."

5.  "Plaintiff's Counsel" or "Class Counsel" is Nilges Draher LLC. "Defendant's Counsel" is Hahn Loeser & Parks LLP.

6.  "Class Action Settlement Notice" shall mean the Court-approved Notice of Settlement of the Action. The proposed Class Action Settlement Notice is attached hereto as **Exhibit A**.

7.  "Claimants" shall mean all Class Members who do not opt-out of the Action.

8.     "Weeks Employed" shall mean the number of weeks a Class Member was employed by Defendant during the period of January 1, 2017 to December 31, 2019, as determined by the Defendant based on Defendant's payroll records.   A Week Employed shall mean any week in which a Class Member was employed by Defendant.

9.     "Settlement Administrator" shall mean Analytics Consulting, LLC.

10.     "Global Settlement Fund" shall mean the gross amount of Three Hundred Nine Thousand Five Hundred Dollars and Zero Cents ($309,500.00), which is the total amount of funds available for all payments specified hereunder, including, but not limited to, payments for all claims, Settlement Awards, Settlement Administrator Costs, interest, Service Awards, and attorneys' fees, costs, and expenses related to this Action.

11.     "Net Settlement Fund" shall mean the amount available for payments to Class Members, after deducting Settlement Administrator Costs, attorneys' fees, costs, expenses, and Service Awards.

12.     "Settlement Administrator Costs" shall mean all settlement administration fees, expenses, and costs incurred by the Settlement Administrator directly or indirectly related to its duties under this Agreement, including but not limited to all fees, expenses, and costs in connection with the Global Settlement Fund and Net Settlement Fund, and those duties related to notice, check cutting and mailing, reports to counsel, court filings, legal and accounting advice relating to the establishment of the Net Settlement Fund and tax treatment and reporting of awards to Class Members, preparation of tax returns (and the taxes associated with such tax returns as defined below), calculating Settlement Awards, providing all notices required under the Class Action Fairness Act, and any other related duties.

11976346.1

13.     "Settlement Award" shall mean the amount of the Net Settlement Fund calculated under Paragraph 52 of this Agreement that would, or will, be paid to each Claimant.

14.     "Service Award" shall mean the payment made from the Global Settlement Fund to Plaintiff for her service in bringing, and prosecuting, the Action. The Service Award is subject to the Court's approval, and any amount that is not approved by the Court shall become part of the Net Settlement Fund.

15.     "Effective Date" shall mean thirty-one (31) days after the Court's Final Order and Judgment Entry approving the Class Action Settlement.

## FACTUAL AND PROCEDURAL BACKGROUND

16.     On March 9, 2020, the Plaintiff filed the Action, alleging that Defendant violated the Fair Labor Standards Act and the Ohio overtime statute by failing to pay Plaintiff and other similarly situated employees all of their overtime pay.

17.     Defendant has denied and continues to deny that it violated any federal or state law, breached any duty, failed to pay any employees as required by the FLSA or any state law, engaged in any other unlawful conduct with respect to any of its employees, including, but not limited to, the allegations that were raised, or could have been raised, in the Action, and a *bona fide* dispute exists between the parties regarding the amount of compensation, if any, owed to Class Members.

18.     The Parties have exchanged and analyzed initial factual disclosures and timekeeping and payroll records. The Parties have had discussions regarding the relative merits of Plaintiff's claims and Defendant's defenses. This document and information exchange enabled the Parties to understand and assess the detail and substance of their respective claims and defenses.

19.     The Parties engaged in mediation on June 18, 2020. Although the Parties did not settle this case at mediation, the Parties reached an agreement to settle the Action on June 26, 2020

3

when they each accepted a Mediator's Proposal for settlement. The terms of the settlement are reflected in this Settlement Agreement and, subject to Court approval, will fully and finally settle, resolve, and dismiss with prejudice this dispute.

20. It is the desire of the Parties to avoid incurring further burdens, expenses and costs of the Action, to resolve, in an amicable fashion, all matters arising out of or related to the Action and any claims that could have been raised in the Action, and to fully, finally, and forever settle, compromise, and discharge all Released Claims (as defined herein) for the Release Period (as defined herein).

21. It is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and release of the Released Claims, which release includes in its effect Defendant, all present and former owners, partners, shareholders, parent companies, subsidiaries, related entities, affiliates, divisions, successors, assigns, and the officers, directors, employees, agents, representatives, attorneys, insurers, and all persons acting by, through or in concert with any of them, including any party that was or could have been named as a defendant in the Action.

22. Class Counsel has conducted a thorough investigation into the facts of the Litigation and has diligently pursued an investigation of Plaintiff's claims against Defendant. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendant is fair, reasonable, adequate, and is in the best interest of Plaintiff and Class Members, in light of all known facts and circumstances, including the risks of significant delay and continued litigation, the defenses asserted by Defendant, and the possibility that Plaintiff and Class Members otherwise may not recover anything or may recover an amount less than provided for in this Agreement.

11976346.1

23. The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement Agreement, to effectuate all aspects of this Settlement Agreement, and to dismiss the Litigation with prejudice upon final approval. Specifically, the Parties will file with the Court a Joint Motion for Preliminary Approval of Class Action Settlement. If the Court grants the Joint Motion for Preliminary Approval of the Class Action Settlement, the Parties agree that the Settlement Administrator will send the Class Action Settlement Notice to the Class Members regarding the Settlement as provided herein.

24. The total payment under this Settlement Agreement, including but not limited to all payments to the Class Members, Class Counsel's attorneys' fees and costs, Settlement Administrator Costs, and Service Award to Plaintiff in recognition of her service in this Action, is Three Hundred Nine Thousand Five Hundred Dollars and Zero Cents ($309,500.00) (the "Settlement Payment"). This payment does not include Defendant's share of its payroll taxes, which shall be paid by Defendant outside of the Settlement Fund.

## CERTIFICATION OF CLASSES FOR SETTLEMENT PURPOSES ONLY

25. The Parties agree and consent to the class certification of the Class Members for settlement purposes only. Any certification pursuant to this paragraph shall not constitute in this or any other proceeding an admission by Defendant of any kind or a determination that certification of a class for trial purposes is appropriate or proper. In the event the Court does not grant preliminary or final approval of the Settlement, the certification of the class shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action are satisfied, and Defendant expressly reserves all rights to challenge certification of a class for trial purposes in this or any other action on all available grounds as if no classes had been certified in this action.

11976346.1

## SETTLEMENT APPROVAL PROCEDURE

26.     This Agreement will become final and effective upon occurrence of <u>all</u> of the following events:

a)     Execution of this Settlement Agreement by Plaintiff and Defendant.

b)     Submission to the Court of a Joint Motion for Preliminary Approval of the Class Action Settlement.

c)     Entry of Orders by the Court, proposed by the Parties and attached as **Exhibit B**, granting preliminary approval of the Class Action Settlement, and approving the forms, content, and method of distribution of the proposed Class Action Settlement Notice, and setting the date of the Fairness Hearing for the Class Action Settlement.

d)     Distribution of the Class Action Settlement Notice in the form and manner approved by the Court.

e)     Filing with the Court, prior to the Fairness Hearing, of a Declaration verifying that the Class Action Settlement Notice was distributed to the Class Members in the form and manner approved by the Court.

f)     Convening of the Fairness Hearing.

g)     Entry of a Final Order and Judgment Entry by the Court, granting final approval of the Class Action Settlement, approving the proposed distributions, and dismissing this Action with prejudice.

11976346.1

h) Occurrence of the "Effective Date," which is defined as the date on which the Court's Final Order and Judgment Entry, granting final approval of the Class Action Settlement, approving the proposed distributions, releasing claims of the Plaintiff and the Claimants, and dismissing this Action with prejudice is no longer appealable (that being the thirty-first day after service of notice of entry of judgment or, if an appeal has been filed, the date on which the Parties have received actual notice that the Class Action Settlement has received final approval after the completion of the appellate process).

i) The Court retaining jurisdiction over this Action for the purpose of enforcing the terms of the Settlement Agreement.

## SETTLEMENT TERMS AND CONDITIONS

27. Because the Parties agree to use their best, reasonable efforts, and to fully cooperate with each other to implement and effectuate the terms of this Agreement. To expedite the settlement administration process, the Parties' counsel are authorized to communicate directly with the Settlement Administrator.

28. In exchange for Released Claims, Defendant will pay each Claimant a Settlement Award, as calculated under Paragraph 52 of this Agreement.

29. For tax purposes, the Parties agree Settlement Awards will be: (a) 50 percent taxable, wage income paid under Internal Revenue Service ("IRS") Form W-2 and subject to ordinary payroll withholdings under federal and state law, and (b) 50 percent taxable, non-wage income paid under IRS Form 1099. Defendant will make all required employer contributions with

respect to any portions of the Settlement Awards paid as wages under IRS Form W-2, and these contribution amounts will not be deducted from the Global Settlement Fund.

30.     Class Counsel may apply to the Court for a Service Award in the amount of $7,500.00 for Plaintiff to be paid from the Global Settlement Fund, which Defendant will not contest. The Parties agree that the Service Award will be treated as taxable wages and Plaintiff will be issued an IRS Form W-2 for this payment.

31.     Each Claimant will receive, if required, an IRS Form 1099 and/or Form W-2 reflecting the Settlement Award check(s) paid to him or her under this Agreement. Claimants will be responsible for any tax liability arising from the allocation of the Global Settlement Fund as attorneys' fees, costs, and expenses, Settlement Administrator Costs, Service Awards, taxable wage income, and taxable non-wage income.

## ATTORNEYS' FEES, COSTS, AND EXPENSES

32.     Class Counsel will seek an order from the Court approving the payment of their (a) fees for services, equal to one-third of the Global Settlement Fund or One Hundred Three Thousand One Hundred Sixty-Six Dollars and 67 cents ($103,066.67), and (b) costs and litigation expenses in the amount of Four Hundred Twenty-Four Dollars and Ninety Cents ($424.90).  Any attorneys' fees, costs (including court costs), and litigation expenses approved by the Court will be paid from the Global Settlement Fund. This Settlement is not conditioned upon the Court's approval of Class Counsel's petition for fees, costs, and litigation expenses in any amounts, and any amounts not approved by the Court will revert to the Net Settlement Fund.

## SETTLEMENT ADMINISTRATOR & ADMINISTRATOR COSTS

33.     The Parties agree to retain a Settlement Administrator responsible for:

a)      Issuing all funds from the Global Settlement Fund;

8

b)    Determining and finalizing the Settlement Awards and the tax withholding amounts and employer payroll tax amounts for Claimants, as applicable;

c)    Preparing, printing, and disseminating the Class Action Settlement Notice to Class Members;

d)    Promptly apprising the Parties' counsel of the activities of the Settlement Administrator, timely responding to inquiries of the Parties or their counsel, and copying the Parties' counsel on material correspondence;

e)    Mailing Settlement checks (or other negotiable instrument) to all Claimants;

f)    Wiring Plaintiff's Counsel's attorneys' fees, expenses, and costs;

g)    Mailing the Service Award to Plaintiff in accordance with this Agreement and Order of the Court;

h)    Issuing IRS Forms W-2, 1099, and W-9 (if required) for all payments to each Claimant, the Class Representatives, Class Counsel and the Settlement Administrator;

i)    Ascertaining current addresses and addressees' information for each Class Action Settlement Notice returned as undeliverable;

j)    Responding to inquiries by Class Members regarding the terms of Settlement;

k)    Referring to Plaintiff's Counsel all inquiries by Class Members that the Settlement Administrator cannot resolve and/or which involve matters not within the Settlement Administrator's duties specified in this Agreement;

9

l)      Promptly notifying the Parties' counsel of any material requests or communications made by any Class Member who receives a Class Action Settlement Notice;

m)      Maintaining adequate records of its activities, including the date of the mailing of the Class Action Settlement Notice, receipt of returned mail, and other communications, and attempted communications, with Class Members, and providing the Parties' counsel with weekly reports regarding the same;

n)      Confirming, in writing to the Parties' counsel and the Court, its completion of the administration of this Settlement and retaining copies of all endorsed Settlement checks;

o)      Preparing and delivering all notices required under the Class Action Fairness Act; and,

p)      Such other tasks as customarily and regularly performed by a settlement administrator and as the Parties mutually agree.

34.      Settlement Administrator Costs shall be paid from the Global Settlement Fund.

## SETTLEMENT ADMINISTRATION TIMELINE

35.      Within five business days (5) after Preliminary Approval of the Class Action settlement, Defendant will provide the Settlement Administrator a spreadsheet containing the Class Members' names, last known addresses, dates of employment or number of weeks of employment, Social Security Numbers (to the extent that Defendant has Social Security Numbers for Class Members), and any other reasonably available information the Settlement Administrator needs to carry out its duties under this Agreement.

11976346.1

36.     Within seven (7) business days after Preliminary Approval of the Class Action settlement, the Settlement Administrator shall open an interest-bearing bank account, which will hold the Global Settlement Fund.

37.     Within ten (10) business days after Preliminary Approval of the Class Action settlement, Defendant shall deposit Three Hundred Nine Thousand Five Hundred Dollars and Zero Cents ($309,500.00) into the interest-bearing bank account opened by the Settlement Administrator.

38.     Within fourteen (14) days after Preliminary Approval of the Class Action settlement, the Settlement Administrator will calculate the Settlement Award for each Eligible Settlement Participant under the formula in Paragraph 52 of this Agreement.

39.     Within fourteen (14) days after Preliminary Approval of the Class Action settlement, the Settlement Administrator shall mail to Class Members the Class Action Settlement Notice.  If any of the notices are returned as undeliverable, the Settlement Administrator will promptly attempt to locate such Class Member through other reasonable and legally acceptable means, and, if located, shall promptly mail the Class Action Settlement Notice to such person. Any Class Action Settlement Notice returned as undeliverable may be traced up to two times to obtain a new address and be re-mailed by First Class Mail. In no event shall any Class Action Settlement Notice be mailed, or re-mailed, to any Class Member by the Settlement Administrator after forty-five (45) days have elapsed from the date the Class Action Settlement Notice is initially mailed.

40.     Class Members may opt-out of the Class Action Settlement by mailing a request for exclusion to the Settlement Administrator within forty-five (45) days of the initial mailing date. Persons who are eligible to and do submit a valid and timely request for exclusion will not participate in the Settlement and will not be bound by its terms.

11976346.1

41.     Class Members may make objections to the Class Action Settlement by submitting objections to this Settlement Agreement within forty-five (45) days of the initial mailing date. Objections must be in writing, and must include a description of the basis of the objection. The objection must set forth the full name, current address, telephone number and signature of the Class Member. Any Class Member who does not serve timely written objections to the settlement shall not be permitted to present his or her objections to the settlement at the Final Approval Hearing and shall be foreclosed from seeking review of the settlement by appeal or otherwise.

42.     Within sixty (60) days after mailing of the Class Action Notice or as otherwise directed by the Court, the Parties will file a Joint Motion for Final Approval of the Class Action settlement.

43.     Within sixty (60) days after mailing of the Class Action Settlement Notice or as otherwise directed by the Court, Plaintiff's Counsel will file a Declaration from the Settlement Administrator verifying that the Class Action Settlement Notice was distributed, and the Parties will submit the proposed estimated schedule of settlement payments and proposed Final Order and Judgment Entry to the Court.

44.     Within ten (10) days following the Effective Date, the Settlement Administrator shall mail to Claimants their Settlement Awards. If possible, the Settlement Administrator will issue each Claimant one single check representing the total amount of his or her Settlement Award by combining the wage and non-wage portions of his or her Settlement Award. In accordance with the withholding and reporting requirements set forth in this Agreement, the Settlement Administrator shall report the wage income payments to the IRS on IRS Form W-2 and shall report the non-wage income on IRS Form 1099. Plaintiff's Service Award shall be distributed to her with her Settlement Award by the Settlement Administrator.

12

45.     Within ten (10) days following the Effective Date, the Settlement Administrator shall wire to Class Counsel their attorneys' fees, costs and expenses as set forth in Paragraph 32 and approved by the Court.

## GLOBAL SETTLEMENT FUND & TAXES

46.     The Global Settlement Fund will be established as a "Qualified Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, *et seq.,* and shall be administered by the Settlement Administrator, subject to the ultimate authority of the Court.

47.     The Settlement Administrator shall serve as Trustee of the Global Settlement Fund and shall act as a fiduciary with respect to the handling, management, and distribution of the Global Settlement Fund, including the handling of tax-related issues and payments. The Settlement Administrator shall act in a manner necessary to qualify the Global Settlement Fund as a Qualified Settlement Fund and to maintain that qualification. The Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment. The Parties agree to any relation-back election required to treat the Global Settlement Fund as a Qualified Settlement Fund from the earliest possible date.

48.     The Parties recognize the wage and non-wage awards to Claimants will be subject to applicable tax withholding and reporting and employer payroll taxes. The Settlement Administrator shall calculate the employer's share of payroll taxes related to Settlement Award payments treated as wage income and, upon receipt of that calculation, Defendant will, as directed by the Settlement Administrator, deposit into the interest-bearing bank account opened by the Settlement Administrator a payment separate from the Global Settlement Fund to pay the employer's share of payroll taxes related to Settlement Award payments treated as wage income.

11976346.1

49.     All taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Global Settlement Fund, if any, including any taxes or tax detriments that may be imposed on Defendant with respect to income earned for any period during which the Global Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal and state income tax purposes (hereinafter "Settlement Fund Taxes"), and expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) any returns described herein or otherwise required to be filed pursuant to applicable authorities) (hereinafter "Settlement Fund Tax Expenses") shall be paid out of the Global Settlement Fund. Further, Settlement Fund Taxes and Settlement Fund Tax Expenses shall be treated as a cost of the administration of the Global Settlement Fund. The Parties agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this Section.

50.     The Settlement Administrator shall satisfy all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting) and shall pay from the Global Settlement Fund any and all taxes, as well as any other obligations with respect to the payments or distributions not otherwise addressed in this Agreement.

51.     Plaintiff, on behalf of herself and the Claimants, acknowledges and agrees that she has not relied upon any advice from Defendant as to the allocation and taxability of the payments received under this Agreement and that she is responsible for any personal tax liability arising from the allocation and of, and payment from, the Global Settlement Fund as attorneys' fees, costs and expenses, Service Awards, taxable wage income, and taxable non-wage income.

14

11976346.1

## SETTLEMENT AWARD CALCULATION

52.     The Net Settlement Fund shall be divided amongst the Claimants. The Settlement Administrator shall determine the amount of each Claimant's Settlement Award, which shall be his or her *pro rata* share of the Net Settlement Fund based on the number of Weeks Employed by the Claimant during the period of January 1, 2017 through December 31, 2019 in comparison to the total number of Weeks Employed by all Claimants during the period of January 1, 2017 through December 31, 2019.

## REMAINDER OF THE GLOBAL SETTLEMENT FUND

53.     Any funds from the Global Settlement Fund that are not distributed to the Claimants or that are not negotiated by a Claimant within 180 days of date issuance shall be distributed via *cy pres* to a charity of Defendant's choosing and approved by Class Counsel, whose approval shall not be withheld unreasonably.

## RELEASES AND RELEASED CLAIMS

54.     Upon the Effective Date, and except as to such rights or claims as may be created by this Settlement Agreement, Plaintiff and the Claimants fully release and discharge Defendant and all present and former owners, partners, shareholders, parent companies, subsidiaries, related entities, affiliates, divisions, predecessors, successors, assigns, and the shareholders, officers, directors, employees, agents, affiliates, representatives, attorneys, insurers, and all persons acting by, through or in concert with any of them, including any party that was or could have been named as a defendant in the Action ("Released Parties") from any and all Released Claims as hereafter defined.  The "Released Claims" shall consist of any and all claims for wages, compensation, or damages under any federal and state wage-and-hour law, including claims for unpaid wages, unpaid overtime compensation, liquidated damages, statutory damages or penalties, punitive

damages, interest, attorneys' fees, and expenses pursuant to the Fair Labor Standards Act, any and all applicable state wages and hour laws, statutes, ordinances, regulations and common law, in equity or otherwise, whether such claims are known or unknown, asserted or unasserted, through the Release Period. The Release Period shall mean the period of time between March 9, 2017 and the date the Court enters Final Approval of the Class Action Settlement.

In addition to the Released Claims as defined in Paragraph 54 of this Agreement, Plaintiff, for herself and her heirs, successors, and assigns, fully releases and discharges the Released Parties from any and all claims of any kind, known or unknown, which Plaintiff now has or may have against the Released Parties through and including the date the Court enters Final Approval of the Class Action Settlement. Such released claims include, but are not limited to, any and all claims of breach of express or implied contract, promissory estoppel and all other equitable claims, wrongful discharge and all other common law claims, claims under Chapters 4111 and 4112 of the Ohio Revised Code, Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, the Equal Pay Act of 1963, the Age Discrimination in Employment Act (ADEA), the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1866, the Family and Medical Leave Act of 1993, the Civil Rights Act of 1991, the Employee Retirement Income Security Act of 1974, and all other federal, state, local, or municipal laws, rules or regulations, including all claims arising out of, based upon or relating to Plaintiff's employment with any of the Released Parties and the termination of that employment, and all claims for punitive or compensatory damages, costs, or attorneys' fees.

## VOIDING THE SETTLEMENT AGREEMENT

55. If the Court does not approve this Settlement Agreement, the entire Settlement Agreement will be void and unenforceable and the litigation will proceed forward.

11976346.1

56.     To the extent this Settlement Agreement is determined to be void by the Court, or the Effective Date does not occur for any reason, Defendant does not waive, but rather expressly reserves, all rights to challenge any and all claims and allegations asserted by Plaintiff in the Action upon all procedural and substantive grounds, including without limitation the ability to challenge class action treatment on any grounds and to assert any and all other potential defenses or privileges.  Plaintiff and Class Counsel agree that Defendant retains and reserves these rights, and they agree not to take a position to the contrary.  Specifically, Plaintiff and Class Counsel agree that, if the Action were to proceed, they will not argue or present any argument, and hereby waive any argument that, based on the settlement or this Settlement Agreement or any exhibit and attachment hereto, or any act performed or document executed pursuant to or in furtherance of the settlement or this Settlement Agreement, Defendant should be barred from contesting class action certification, or from asserting any and all other potential defenses and privileges.  This Agreement shall not be deemed an admission by, or ground for estoppel against Defendant that class action treatment pursuant to Federal Rule of Civil Procedure 23 or on any other basis is proper or cannot be contested on any other grounds.  However, the Parties expressly agree that the statute of limitations is tolled up to and including the date the Settlement Agreement is determined void by the Court, or the Effective Date does not occur for any reason.

## PARTIES' AUTHORITY

57.     The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.  Plaintiff represents that she is authorized to enter into this Settlement Agreement in both her individual and representative capacity.

## MUTUAL AND FULL COOPERATION

58.     The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents as may reasonably be necessary to implement the terms of this Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Courts, or otherwise, to effectuate this Settlement Agreement.  As soon as practicable after execution of this Settlement Agreement, Counsel of the parties shall take all necessary steps to secure the Courts' final approval of this Settlement Agreement.

## SEVERABILITY

59.     If, after the occurrence of the Effective Date, any provision of this Agreement is for any reason held to be invalid or unenforceable, such provision shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid and/or unenforceable provision had never been contained herein.

## NO ADMISSION OF LIABILITY

60.     Each of the Parties has entered into this Settlement Agreement solely to compromise and resolve highly disputed claims based on disputed facts and allegations and to avoid the costs and risks of litigation.  Neither the fact of this Settlement Agreement nor any of its parts, nor the consummation of this Settlement Agreement, shall be construed as an admission of any kind or a determination of unlawful activity or failure to comply with the law in any respect, wrongdoing, liability, culpability, and/or negligence on the part of any Party, or that any fact or allegation asserted by any Party was true, or that certification of a class or classes for trial purposes is appropriate or proper. This Settlement, and the fact that the Plaintiff and Defendant were willing

to settle the Action will have no bearing on, and will not be admissible in connection with any litigation other than solely in connection with, and as specified in this Settlement Agreement.

61.     Whether or not there is a Preliminary or Final Approval Order, neither the Settlement, this Agreement, nor any documents, statements, proceedings, or conduct related to the Settlement or this Agreement will be disclosed, referred to, or offered into evidence against any of the Released Parties in any further proceeding in the Action or in any other civil, criminal, or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

## NOTICES

62.     Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be: (1) in writing; (2) deemed given on the third business day after mailing; and (3) sent via email, facsimile, or United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiff and/or the Class Members:

> Hans A. Nilges
> Jeffrey J. Moyle
> NILGES DRAHER LLC
> 7266 Portage Street, N.W.
> Suite D
> Massillon, Ohio  44646
> Telephone:  330-470-4428
> Facsimile:  330-754-1430
> hans@ohlaborlaw.com
> jmoyle@ohlaborlaw.com

11976346.1

To Defendant:

> Steven E. Seasly
> Kara D. Williams
> HAHN LOESER + PARKS LLP
> 200 Public Square, Suite 2800
> Cleveland, Ohio 44114-2316
> Telephone: 216.621.0150
> Facsimile: 216.241.2824
> sseasly@hahnlaw.com
> kwilliams@hahnlaw.com

## CONSTRUCTION AND INTERPRETATION

63.     The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, and arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement.

64.     Paragraph titles are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any of its provisions.  Each term of this Settlement Agreement is contractual and not merely a recital.

65.     This Settlement Agreement shall be subject to and governed by the laws of the State of Ohio.

## JURISDICTION

66.     The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement Agreement.

## MODIFICATION

67.     This Settlement Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed

11976346.1

by counsel for the Parties.  Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Settlement Agreement.

## INTEGRATION CLAUSE

68.     This Settlement Agreement, and the Exhibits hereto, contain the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement (including settlement of the Litigation), and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, with respect to such matters are extinguished.

## BINDING ON ALL PARTIES

69.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

70.     This Settlement may be executed in counterparts, and may be signed electronically via PDF or Docusign.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.  Electronic and facsimile transmissions of this Settlement shall be deemed originals.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:


[SIGNATURES APPEAR ON THE FOLLOWING PAGE]

_____       Date: _____
ELIZABETH BORDERS
On behalf of herself and the Class Members


_____       Date: _____
ALTERNATE SOLUTIONS HEALTH
NETWORK, LLC


By:_____


Its:_____

11976346.1