IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ELIZABETH BORDERS, on behalf of herself and others similarly situated,** | ) ) Case No.2:20-cv-1273 |
| Plaintiff, | ) ) Judge Algenon L. Marbley |
| vs. | ) ) Magistrate Judge Kimberly A. Jolson |
| **ALTERNATE SOLUTIONS HEALTH NETWORK, LLC,** | ) ) ) |
| Defendant. | ) ) |

### JOINT MOTION FOR FINAL APPROVAL OF
### RULE 23 CLASS ACTION SETTLEMENT

Plaintiff Elizabeth Borders ("Plaintiff"), on behalf of herself and others similarly situated, and Defendant Alternate Solutions Health Network, LLC ("Defendant") respectfully and jointly move the Court to enter an order approving, as fair, reasonable, and adequate, the Settlement of this class action pursuant to Fed. R. Civ. P. 23(e). A proposed Final Order and Judgment is attached as **Exhibit 1**. The reasons for this Motion are as follows:

**I. PROCEDURAL HISTORY**

Plaintiff filed this case on March 9, 2020, alleging a collective action under the Fair Labor Standards Act ("FLSA") and a class action under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). The Parties participated in private mediation with a third-party neutral, and although the Parties were not able to resolve the case during mediation, both sides later accepted a "mediator's proposal" made by the mediator, which settled the case. (See ECF #16-1, 16-4).

The Parties jointly moved for final approval of the FLSA collective action settlement and preliminary approval of the Rule 23 class action settlement on July 29, 2020. (ECF # 16). On December 16, 2020, the Court granted the motion for final approval of the FLSA settlement,

holding that there was a bona fide dispute between the parties and that the settlement was a fair, reasonable, and adequate resolution of that dispute. (ECF # 17 at pp. 2-6). The Court also held that the award of attorneys' fees and costs provided in the settlement was reasonable, and that Plaintiff's service payment award was reasonable. (*Id.* at pp. 9-10).

The Court also granted preliminary approval of the Rule 23 class action, and preliminarily certified a class consisting of:

> All 415 current and former Certified Occupational Therapy Assistants and Physical Therapy Assistants employed by Defendant at any time between January 1, 2017 and December 31, 2019.

(ECF # 17 at p. 10).  The Court also approved the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice") and authorized the Notice to be distributed to the class by Analytics Consulting, LLC ("Analytics"), which was approved by the Court as Settlement Administrator. (*Id.* at p 11).

Analytics was provided with a class list that contained the names and last-known mailing addresses for the 415 members of the class. (*See*, Declaration of Jeff Mitchell (hereinafter "Mitchell Dec.") attached as **Exhibit 2**). On December 30, 2020, Analytics mailed the Court-approved Notice to the Class Members by first-class mail.  (*Id.* at ¶ 6).  Of the 415 notices sent out, six notices were returned as undeliverable.  (*Id.* at ¶ 7).  Analytics ran a "skip trace" on those undeliverable notices and located an updated address for two class members. (*Id.*). Analytics re-mailed Notices to those two Class Members, and also forwarded four notices that had a forwarding address provided by the U.S. Post Office.  (*Id.*).

The Notice gave Eligible Class Members forty-five (45) days, until February 13, 2021, in which to request exclusion from the Settlement or to object to the Settlement.  A total of two Class Members opted out of the Settlement, and no Class Member objected to the Settlement. (Mitchell

Dec. at ¶¶ 8-9). Having completed the notice process, the Parties now move this Court for final approval of the Rule 23 settlement.

## II.     LAW AND ANALYSIS

"Before a district court approves a settlement, it must find that the settlement is 'fair, reasonable, and adequate.'" *Swigart v. Fifth Third Bank*, No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450, at *5 (S.D. Ohio July 11, 2014) (citing *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)).  When determining whether a class action settlement is fair, reasonable, and adequate, Courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Id.* at *6. Notably, Courts perform the same analysis when deciding whether to approve an FLSA collective action settlement. *See, e.g., Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *18 (S.D. Ohio Sep. 9, 2016).

In granting final approval of the FLSA collective action settlement in this case, this Court analyzed the settlement under these seven factors, and held that "each of the seven fairness factors weigh in favor of approving the parties' Settlement Agreement." (ECF #17 at p. 6). This conclusion is even more applicable now, as the only factor that might have changed since then, the reaction of absent class members, more strongly weighs in favor of approval. Indeed, out of a class of 415 members, only two class members opted out and none objected to the settlement, resulting in a class inclusion rate of approximately 99.5%. As such, this factor strongly supports approval. *See, e.g., Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *21 (S.D. Ohio

Sep. 25, 2020) (holding that an "inclusion rate of 99.9% is excellent" and "strongly supports approval").

In sum, this Court has previously held that the settlement of this case is fair, reasonable, and adequate, that the award of attorneys' fees and costs provided in the settlement is reasonable, and that Plaintiff's service payment award is reasonable. This conclusion was overwhelmingly supported by the class, as no class member objected to the settlement. Accordingly, for the reasons addressed herein and in the Joint Motion for Final Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Action Settlement, the Parties respectfully ask the Court to approve this Settlement and enter the proposed Final Order and Judgment attached as **Exhibit 1**.

Respectfully submitted,

| | |
|---|---|
| */s/ Jeffrey J. Moyle* | */s/ Ann E. Knuth (with permission)* |
| Jeffrey J. Moyle (0084854) | Ann E. Knuth (0061566) |
| NILGES DRAHER LLC | Steven E. Seasly (0070536) |
| 1360 E. 9th Street, Suite 808 | HAHN LOESER + PARKS LLP |
| Cleveland, OH 44114 | 200 Public Square, Suite 2800 |
| Phone: (216) 230-2955 | Cleveland, Ohio 44114-2316 |
| Email: jmoyle@ohlaborlaw.com | Phone: 216.621.0150 |
| | Email: aknuth@hahnlaw.com |
| Hans A. Nilges (0076017) | Email: sseasly@hahnlaw.com |
| Shannon M. Draher (0074304) | |
| 7266 Portage Street, N.W., Suite D | *Counsel for Defendant* |
| Massillon, OH 44646 | |
| Phone: (330) 470-4428 | |
| Email: hans@ohlaborlaw.com | |
| Email: sdraher@ohlaborlaw.com | |
| | |
| *Counsel for Plaintiff* | |

4