IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ELIZABETH BORDERS,** *on behalf of Herself and others similarly situated* | : : : | |
| **Plaintiffs,** | : : | Case No. 2:20-cv-1273 |
| v. | : : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| **ALTERNATE SOLUTION HEALTH NETWORK, LLC,** | : : : | Magistrate Judge Kimberly A. Jolson |
| **Defendant.** | : : : | |

## ORDER & OPINION

### I.      INTRODUCTION

This matter comes before the Court on the parties' Joint Motion for Final Approval of Rule 23 Class Action Settlement. (ECF No. 21). This Court held a Fairness Hearing on March 10, 2021, after which Plaintiffs' counsel submitted a supplemental filing in support of their request for attorneys' fees. (ECF No. 22). For the reasons set forth below, this Court **GRANTS WITH MODIFICATIONS** the Joint Motion for Final Approval. (ECF No. 21).

### II.      BACKGROUND

On March 9, 2020, Elizabeth Borders filed the underlying action against Defenadnt Alternate Solutions Health Network, LLC on behalf of herself and others similarly situated, alleging that Defendant violated FLSA and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiffs all of their overtime pay. Specifically, Plaintiffs alleged that, pursuant to a companywide policy, Defendant did not pay its Certified Occupational Therapy Assistants and Physical Therapy Assistants at a rate of one-and-one-half times their regular rates for all hours worked in excess of 40 hours per week.

The parties participated in private mediation with a third-party neutral, and although they were not able to resolve the case during mediation, both sides later accepted a "mediator's proposal," which settled the case. (*See* ECF Nos. 16-1, 16-4). The parties jointly moved for final approval of the FLSA collective action settlement and preliminary approval of the Rule 23 class action settlement on July 29, 2020. (ECF No. 16). On December 16, 2020, this Court granted the motion for final approval of the FLSA settlement, holding that there was a bona fide dispute between the parties and that the settlement was a fair, reasonable, and adequate resolution of that dispute. (ECF No. 17 at 2–6). The Court also held that the award of attorney's fees and costs provided in the settlement was reasonable, and that Plaintiff's service payment award was reasonable. (*Id.* at 9–10). Further, this Court granted preliminary approval of the Rule 23 class action, and preliminarily certified a class consisting of the following:

> All 415 current and former Certified Occupational Therapy Assistants and Physical Therapy Assistants employed by Defendant at any time between January 1, 2017 and December 31, 2019.

(ECF No. 17 at 10).

### A. Notice Process

This Court approved the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice") and authorized the Notice to be distributed to the class by Analytics Consulting, LLC ("Analytics"), which was approved by the Court as Settlement Administrator. (*Id.* at 11). Analytics was provided with a class list that contained the names and last-known mailing addresses for the 415 members of the class. (*See* Decl. of Jeff Mitchell, Ex. 2). On December 30, 2020, Analytics mailed the Court-approved Notice to the Class Members by first-class mail. (*Id.* ¶ 6). Of the 415 notices sent out, six notices were returned as undeliverable. (*Id*. ¶ 7). Analytics ran a "skip trace" on those undeliverable notices and located an updated address for

two class members. (*Id.*). Analytics remailed Notices to those two Class Members, and also forwarded four notices that had a forwarding address provided by the U.S. Post Office. (*Id.*). The Notice gave Eligible Class Members forty-five days, until February 13, 2021, in which to request exclusion from the Settlement or to object to the Settlement. A total of two Class Members opted out of the Settlement, and no Class Member objected to the Settlement. (Mitchell Decl. at ¶¶ 8–9). Having completed the notice process, the parties now move this Court for final approval of the Rule 23 settlement.

### III. STANDARD OF REVIEW

"Before a district court approves a settlement, it must find that the settlement is 'fair, reasonable, and adequate.'" *Swigart v. Fifth Third Bank*, No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450, at *5 (S.D. Ohio July 11, 2014) (citing *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). When determining whether a class action settlement is fair, reasonable, and adequate, courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Id.* at *6. Courts perform a similar analysis when deciding whether to approve an FLSA collective action settlement. *See, e.g.*, *Feiertag v. DDP Holdings*, LLC, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *18 (S.D. Ohio Sep. 9, 2016).

### IV. LAW & ANALYSIS

#### A. Final Certification and Final Approval

This Court granted Preliminary Approval of the Class Action Settlement and granted final approval to the FLSA collective. This Court finds that nothing has changed with regard to the appropriateness of class certification under Rule 23 or the approval of Class Counsel.

### B. Sufficiency of Notice

In class actions certified under Rule 23(b)(3), notice must meet the requirements of both Fed.R.Civ.P. 23(c)(2)(B) and 23(e). Rule 23(e) specifies that no class action may be settled, dismissed, or compromised without court approval, preceded by notice to class members. Fed. R. Civ. P. 23(e). Rule 23(c)(2) requires that notice to the class be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 629–30 (6th Cir. 2007) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, the Settlement Notice "'fairly apprise[d] the prospective members of the class of the terms of the proposed settlement' so that class members [could] come to their own conclusions about whether the settlement serves their interests." *Id.* at 630 (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 122 (8th Cir. 1975)). The Notice "explained its purpose, discussed the nature of the pending suit and proposed class and accurately summarized the . . . settlement agreement." *Id.* In addition, out of a class of 415 members, only two class members opted out and none objected to the settlement, resulting in a class-inclusion rate of approximately 99.5%. As such, this factor supports approval.

Thus, this Court finds that the members of the Class were given adequate notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing. It further finds that the notice was reasonable and the best notice practicable and satisfied all of the applicable statutory and constitutional requirements.

### C. Whether Fair, Reasonable, and Adequate

Before approving a settlement agreement, the Court must determine if the settlement is "fair, adequate, and reasonable, as well as consistent with the public interest." *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990). In determining whether the proposed settlement is fair, reasonable and adequate, the Court considers several factors: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW*, 497 F.3d at 631.

In reviewing a proposed class action settlement, the district court has "'wide discretion in assessing the weight and applicability' of the relevant factors." *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 754 (6th Cir. 2013) (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205-06 (6th Cir. 1992)). The court may limit the fairness hearing "to whatever is necessary to aid it in reaching an informed, just and reasoned decision." *Tenn. Ass'n of HMOs*, 262 F.3d 559, 567 (6th Cir. 2001) (citations omitted). A court should not, at the fairness hearing, "determine the merits of the controversy or the factual underpinning of the legal authorities advanced by the parties." *Williams v. Yukovich*, 720 F.2d 909, 921 (6th Cir. 1983); *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 904 (S.D. Ohio 2001). A court "cannot 'judge the fairness of a proposed compromise' without 'weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement.'" *UAW*, 497 F.3d at 631 (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981)).

Here, this Court finds that the proposed settlement is fair, adequate, and reasonable. All seven factors militate in favor of approval of the Agreement.

### 1. Fraud or Collusion

First, the Agreement is not the result of fraud or collusion. By all accounts, Plaintiffs have been represented by competent and zealous counsel since filing suit, and the settlement "is non-collusive and the product of arms-length negotiations." *Kritzer*, 2012 WL 1945144, at *7. the parties engaged in meditation on June 18, 2020 with Mediator Michael Ungar, but were unable to resolve the case at mediation. Mediator Ungar subsequently made a "mediator's proposal" to settle this case, and on June 26, 2020, both parties agreed to accept the mediator's proposal. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that approval of a settlement is appropriate where "initiation of the action by the employees provide some assurance of an adversarial context").

### 2. Complexity, Expense, and Likely Duration of the Litigation & Discovery

The second and third factors also weigh in favor of approving the Agreement. Defendant has culled and furnished voluminous timesheets and other data to Plaintiff during the course of discovery, which gave parties a better handle on the strengths and weaknesses of their respective cases. The parties aver that, absent settlement, continued litigation will require much more discovery and briefing, possibly a trial and even an appeal.

### 3. The Likelihood of Success on the Merits

The fourth factor also weighs in favor of approving the Agreement. The parties disagree about the merits of Plaintiffs' claims and the viability of Defendant's various defenses. While Plaintiffs allege that Defendant failed to pay them overtime for the time worked in excess of forty hours per week, Defendants dispute any liability. Plaintiffs argue that if forced to litigate further, the parties would engage "complex, costly, and protracted wrangling" since Defendants have

asserted several affirmative defenses. (ECF No. 16-1 at 5). In light of the uncertainty surrounding Plaintiffs' likelihood of success, this factor weighs in favor of approval.

### 4. Class Counsel and Class Representatives

As to the fifth factor, Class Counsel is experienced and knowledgeable. By agreeing to this settlement, counsel for both parties have indicated their shared belief that the Settlement Agreement is fair, reasonable, and adequate. Plaintiffs' Counsel has extensive experience in wage-and-hour collective and class actions. Plaintiffs' and Defendant's Counsel support the Settlement as fair and reasonable, and in the best interest of the putative class as a whole. The Court gives great weight to the beliefs of experienced counsel. *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) (Generally, "[t]he court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofsAccordingly, this factor weighs in favor of approval.

### 5. Absent Class Members

The reaction of absent class members favors approval. Out of a class of 415 members, only two class members opted out and none objected to the Settlement, resulting in a class inclusion rate of approximately 99.5%. As such, this factor strongly supports approval. *See, e.g.*, *Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *21 (S.D. Ohio Sep. 25, 2020) (holding that an "inclusion rate of 99.9% is excellent" and "strongly supports approval").

### 6. The Public Interest

The public policy generally supports settlement of class-action lawsuits. *Hainey v. Parrott*, 617 F. Supp. 668, 679 (S.D. Ohio 2007) (citation omitted). Here, the Agreement provides class members immediate relief, avoids further litigation, and frees the Court's judicial resources.

In sum, each of the seven fairness factors weigh in favor of approving the parties' Settlement Agreement.

### D. Attorney Fees and Costs

The Sixth Circuit has held that an award of attorney's fees must be reasonable, meaning it must be "one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).

There are two methods for determining whether proposed attorney's fees are appropriate: the lodestar and the percentage-of-the-fund. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). When using the percentage-of-the-fund method, courts in this Circuit generally approve of awards that are 1/3 of the total settlement. *See, e.g.*, *Rotuna v. W. Customer Mgt. Group, LLC*, 4:09CV1608, 2010 WL 2490989, at *8 (N.D. Ohio June 15, 2010) (approving of attorney's fees in the amount of 1/3 of the settlement fund). The lodestar figure represents the number of hours spent multiplied by reasonable rates. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).

A district court has discretion to select which method is appropriate given the "unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Id*. Although not mandatory, courts frequently cross-check counsel's request for percentage-of-the-fund awards against the lodestar. *Id*. at 501. Courts also frequently consider several factors in determining if attorney's fees are reasonable including:

> (1) the value of the benefit rendered to the class, (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of counsel involved on both sides.

*Michel v. WM Healthcare Sols., Inc.*, No. 1:10-CV-638, 2014 WL 497031, at *15 (S.D. Ohio Feb. 7, 2014). The party seeking attorney's fees bears the burden of documenting his entitlement to the award. *Id.* at 472.

Here, this Court found under its FLSA review that the balance of the below factors weighs in favor of finding percentage-of-the-fund amount reasonable. At the fairness hearing, however, this Court requested that Plaintiff's counsel submit its fees under the lodestar method in the first instance. (ECF No. 22). With this additional information, this Court proceeds to review the reasonableness of the requested fees.

Plaintiff is requesting that the Court approves as reasonable the attorney's fees of **$103,066.67**, representing one-third of the settlement fund of **$309,500**. Plaintiff's counsel also seeks expenses and costs in the amount of **$424.90** for their out-of-pocket expenses. This includes the filing fees and service costs, and **$15.50** in postage costs. Plaintiff's counsel's lodestar for this case is **$28,845**, which includes 51.8 hours of work performed by Attorney Moyle at a rate of $400.00 per hour, 17.3 hours of work performed by Attorney Nilges at a rate of $450.00 per hour, and 3.4 hours of work performed by Plaintiff counsel's paralegal at a rate of $100.00 per hour. The percentage of the fund figure of $103,166.67 represents a multiplier of approximately **3.58 times** the lodestar amount of $28,845.

Between the lodestar and the percentage-of-the-fund method, this Court prefers strongly whichever calculation best reflects FLSA's employee-protection objective. In other words, absent compelling reasons to the contrary, this Court will choose whichever calculation benefits the aggrieved parties the most. Multipliers to the lodestar calculation are permissible in some cases of "exceptional success." *Barnes*, 401 F.3d at 745. The party seeking an enhancement bears the

burden of showing that the use of a multiplier is "necessary to the determination of a reasonable fee." *Blum v. Stenson,* 465 U.S. 886, 898 (1984).

In the majority of cases, however, the quality of representation is "reflected in the reasonable hourly rate." *Id.* There are twelve factors that have been articulated as providing a useful catalog of the many factors to be considered in assessing whether a multiplier is appropriate. *Barnes,* 401 F.3d at 745. They are: (1) the time and labor required;(2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Barnes*, 401 F.3d at 745–46 (citing *Blanchard,* 489 U.S. at 91 n.5).

There is no automatic requisite of a multiplier just because many of the factors that may be considered are satisfied. In fact, several important factors favoring an upward adjustment were not present in this case. This case did not present particularly novel issues and was not an "undesirable case." Thus, this Court finds that the lodestar amount is a sufficient and reasonable fee. It thus will award Plaintiff's' counsel fees under the lodestar method and not the requested percentage-of-the-fund method.

### 1. Value of Benefits Rendered

The result that the attorneys have achieved fairly compensates Plaintiffs, since each Class Member is set to receive their pro rata share of the Net Settlement Fund based on the number of Weeks Employed by the Claimant during the period of January 1, 2017 through December 31,

2019, in comparison to the total number of Weeks Employed by all Claimants during the period of January 1, 2017 through December 31, 2019. This factor, therefore, weighs in favor of the revised fee award.

### 2. Societal Stake in Attorney's Fees

The second factor, society's stake in rewarding attorneys who produce such benefits, also favors the proposed fees award. This is because "[s]ociety has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own." *See id.* at *16. Here, counsel was integral in helping Plaintiffs recover damages for unpaid wages.

### 3. Whether Services were Undertaken on Contingent Fee Basis

Given that counsel took this case on a contingency fee basis, they "undertook the risk of not being compensated, a factor that cuts significantly in favor of awarding them a significant recovery here." *See id.* As such, this third factor favors the proposed fees award.

### 4. Value of Services on Hourly Basis

As to the value of the services rendered on an hourly basis, this factor weighs in favor of the revised fees award, given the representations of a reasonable hourly rate.

### 5. Complexity of Litigation

With respect to the complexity of the litigation, this case has involved extensive discovery, motion practice, and mediation. Furthermore, the claims and defenses in this suit have been and continue to be contested. Thus, this factor weighs in favor of the revised fee award calculated under the lodestar method.

### 6. Skill of Counsel

The final factor, the professional skill and standing of the attorneys involved, also weighs in favor of the proposed fees award. Counsel has detailed the efforts that went into litigating and

settling this case, as well as the reputation of the law firms involved. Accordingly, this Court finds that the lodestar method is reasonable. Attorney fees, therefore, will be awarded in the amount of $28,845.00.

### E. Rule 23(e) Standard

As to the Representative Plaintiff and the Class, this Court finds that the proposed Settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed Settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff Borders is an adequate representative of the Class in that she is a member of the class and possesses the same interests and suffered the same injuries as the class's other members. The definition of the Class encompasses persons with like factual circumstances and like claims. This Court finds that the proposed Settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

### V. CONCLUSION

For the reasons set forth above, this Court finds that the proposed Settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e). (ECF No. 21). For the reasons set forth above, this Court **GRANTS WITH MODIFICATIONS** the Joint Motion for Final Approval. (ECF No. 21).

This matter is hereby **DISMISSED WITH PREJUDICE,** with each party bearing their respective attorney's fees and costs, except as provided in the Settlement Agreement. In addition, as requested by the parties, there being no reason to delay entry of this Final Order, the Court **ORDERS** the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

**IT IS SO ORDERED.**

                                                      _____
                                                      **ALGENON L. MARBLEY**
                                                      **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 17, 2021**